IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 05-CR-30181-MJR |
| CORNELIUS R. RICKMAN, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

The United States has moved for the Court to amend its judgment imposing a 57-month sentence on Cornelius Rickman. (Doc. 43.) Because it lacks subject matter jurisdiction, the Court denies the United States' motion.

The Court sentenced Rickman on June 9, 2006. Three days later, the Clerk of Court entered judgment. (Doc. 34.) The judgment mentions that the Court adjudicated Rickman guilty of unlawful possession of firearms by a felon in violation of 18 U.S.C. § 922(g)(1). (*Id.* at 1.) The judgment also mentions that the Court imposed a 57-month sentence and states that "[t]he defendant shall receive credit for time served from the date of March 3, 2006." (*Id.* at 2.).

The United States' later became concerned about the time credit. On June 5, 2008—727 days after pronouncement of sentence and 720 days after entry of judgment—the Court received a letter from Delbert Sauers, Section Chief of the Designation and Computation Center of the Bureau of Prisons. (Doc. 42.) The letter noted that the Bureau gave Rickman credit as ordered by the Court but also noted that Rickman also received the same credit on his state sentence, which Sauers claimed was in violation of law. *See* **18 U.S.C. § 3585(b) (2006) ("A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . that has not been credited**

against another sentence."). The Court later directed the parties to proceed by motion and briefs, which prompted the United States to make the present motion, asking the Court to strike out the line regarding the time-served credit.

In his response to the motion, Rickman rightfully questions the Court's jurisdiction to alter the judgment in the manner that the United States requests. Rickman claims that the United States is moving to modify his sentence. Normally, a court "has no power to modify a sentence once it has been imposed." *United States v. Jackson*, 573 F.3d 398, 399 (7th Cir. 2009) (citing 18 U.S.C. § 3582(c) (2006); *United States v. Smith*, 438 F.3d 796, 799 (7th Cir. 2006)). The exceptions to this rule all relate to *reductions* in sentences; those reductions that are not based on substantial assistance to the United States are made either by motion of the defendant or the Director of the Bureau of Prisons. *See* 18 U.S.C. § 3582(c)(1)(A) (allowing the Director of the Bureau to move for a reduction for a prisoner in special circumstances relating to age or health); *id.* § 3582(c)(2) (allowing a reduction sua sponte or on the defendant's motion or the Director's motion based on modifications to the sentencing guidelines); *id.* § 3582(c)(1)(B) (allowing a modification under criminal rule 35 or as otherwise allowed by statute); Fed. R. Crim. P. 35 (allowing reductions for substantial assistance on motion of the United States); 28 U.S.C. § 2255 (2006) (allowing prisoners in custody to move to modify, correct or vacate a sentence on the grounds of illegality, among other grounds); *see also* 3 Charles Allen Wright, Nancy J. King & Susan R. Klein, *Federal Practice and Procedure* § 582 (3d ed. 2004) ("Rule [35] is no longer available for raising claims of illegality. Challenges to sentences formerly raised in a motion under Rule 35 must now be raised either on direct appeal or in a motion under Section 2255."). Accordingly, if the United States were in fact asking

for a modification of Rickman's sentence such that it was increased, the Court would not have jurisdiction to entertain the United States' motion.

Matters would be different if the United States were asking for the Court to modify the judgment on the basis of a scrivener's error. The Court does have authority, at any time, to correct a criminal judgment due to a clerical error. **Fed. R. Crim. P. 36; *see also United States v. Daddino*, 5 F.3d 262, 264 (7th Cir. 1993) (per curiam) (citing *Rupinski v. United States*, 4 F.2d 17 (6th Cir. 1925)) (noting that Rule 36 derives from case law).** That is not the position of the United States, though. The United States' position is that the judgment accurately reflects the sentenced imposed on Rickman but that in imposing the sentence the Court made an error of law:

> On June 9, 2006, this Honorable Court sentenced the defendant to 57 months' imprisonment. At the time of the sentencing hearing, the parties agreed that Rickman should be given credit for time served from March 3, 2006, when his bond was revoked, until the date of his sentencing. The Court agreed and added language to this effect as part of the defendant's judgment entered on June 12, 2006.

(Motion ¶ 2.)

> On June 5, 2008, the Bureau of Prisons (BOP) sent a letter asking for clarification of the Court's ruling, noting that the credit the defendant received was prohibited by Title 18, United States Code, Section 3585(b), because the defendant had already received credit for this time period on his state sentence.
>
> After speaking with a representative from the Bureau of Prisons Designation and Sentence, it is the Government's position that BOP is correct. The defendant was effectively in state custody while being prosecuted by the federal government, as evidenced by the fact that we had to execute a writ to ensure his appearance in federal court. In addition, the defendant was already given credit for the time served as part of his state sentence. Consequently, pursuant to 18 U.S.C. §3585(b), the defendant was prohibited from receiving credit for this time served on his federal sentence.

(Motion ¶¶ 5–6.)

The United States cannot use Rule 36 to correct a judgment if, as it insists, the Court made a mistake when imposing sentence and the Clerk accurately transcribed what was imposed. ***See***

*Daddino*, **5 F.3d at 264 ("[B]ecause the 'errors were made in the oral order itself, they arose from an oversight or omission by the court, rather than through a clerical mistake, and thus are not within the purview of Rule 36.'" (quoting** *United States v. Guevremont*, **829 F.2d 423, 426 (3d Cir. 1987))).** This does not mean that the Court has absolutely no authority to modify an illegal sentence; it just means that the Court cannot modify an illegal sentence at this stage *on the motion of the United States.* **See 28 U.S.C. § 2255(a) ("A** *prisoner in custody* **under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or** *laws of the United States . . .* **may move the court which imposed the sentence to vacate, set aside or correct the sentence." (emphasis added)); Wright et al.,** *supra*, **§ 582 (noting that illegal sentences can only be corrected by a § 2255 motion or direct appeal).**

As the Court lacks jurisdiction to modify the sentence on the asserted grounds of an error of law, the Court **DENIES** the United States' motion to amend the judgment (Doc. 43).

**IT IS SO ORDERED.**

**DATED February 10, 2010.**

s/ Michael J. Reagan
**MICHAEL J. REAGAN**
**United States District Judge**

4